## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LUCAS HINKEBEIN, by and through his guardian and conservator, MARK HINKEBEIN, | ) ) ) |
| Plaintiff, | ) No. 4:16-cv-1655 ) |
| v. | ) ) |
| GAVIN HOPLER, | ) JURY TRIAL DEMANDED ) |
| ALLEN RICE, | ) ) |
| DENNIS ROBERTS, | ) ) |
| OLIVER "GLENN" BOYER, and | ) ) |
| JEFFERSON COUNTY, MISSOURI, | ) ) |
| 500 First Street<br>Hillsboro, MO 63050 | ) ) ) |
| Defendants. | ) ) |

### COMPLAINT

Plaintiff Lucas Hinkebein, by and through his guardian and conservator, for his Complaint against Gavin Hopler, Allen Rice, Dennis Roberts, Oliver "Glenn" Boyer and Jefferson County, Missouri, states as follows:

### INTRODUCTION

1.  This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because the facts which give rise to the claims asserted herein occurred in the Eastern District of Missouri.

## PARTIES

3. Plaintiff Lucas Hinkebein ("Plaintiff") resides in Jefferson County, Missouri and is a United States citizen.

4. On May 23, 2016, the Jefferson County Circuit Court entered its Judgment of Incapacity and Disability finding that Plaintiff is totally incapacitated and totally disabled and appointing his father, Mark Hinkebein, his guardian and conservator of his estate.

5. Defendant Jefferson County is located in the Eastern District of Missouri. Jefferson County is a body corporate and politic organized according to the laws of the State of Missouri that operated the Jefferson County Sheriff's Office and was responsible for the training, policies, customs, and practices implemented by and through its policymakers, agents and employees.

6. Defendant Oliver "Glenn" Boyer ("Boyer") was, at all times material to this Complaint, Sheriff of Jefferson County and, as such, was responsible for the training, policies, customs, practices and discipline of Jefferson County Sheriff's Deputies. Defendant Boyer is sued in his official and individual capacities.

7. Defendants Gavin Hopler, Allen Rice, and Dennis Roberts ("Defendant Deputies") were, at all times material to this Complaint, sheriff's deputies employed by Defendant Jefferson County and were at all times acting under color of law and their authority, as deputies, employed by Defendant Jefferson County. Defendants Hopler, Rice and Roberts are sued in their official and individual capacities.

## FACTS

8. On November 9, 2015, Plaintiff was at his home at 1601 Sparrow Point Lane in Jefferson County, Missouri, when the Defendant Deputies entered the home.

9. The Defendant Deputies assaulted and shot Plaintiff in the home.

10. Plaintiff was unarmed and not resisting at the time he was shot.

11. The Defendant Deputies used inappropriate, unwarranted, and unjustifiable force against Plaintiff.  Specifically, the Defendant Deputies restrained, assaulted and shot Plaintiff without lawful cause or justification.

12. Defendants were aware, prior to the Defendant Deputies restraining, assaulting, and shooting Plaintiff on November 9, 2015, that Plaintiff showed signs of mental illness.

13. The Defendant Deputies failed to use proper policing standards concerning treatment of individuals showing signs of mental illness when dealing with Plaintiff, including but not limited to isolating Plaintiff away from any person known to Plaintiff in an enclosed space with only Plaintiff and the three Defendant Deputies present, intimidating Plaintiff and threatening Plaintiff.

14. As a result of the Defendant Deputies' unlawful use of force, Plaintiff has suffered and continues to suffer pain.  The injuries inflicted by the Defendant Deputies caused permanent disabilities to Plaintiff.

15. Upon information and belief, the Defendant Deputies were deliberately acting in accordance with the patterns, practices, or customs of Defendants Jefferson County and Boyer.

16. Defendants Jefferson County and Boyer failed to effectively train, supervise, discipline and control its employees regarding, among other issues, use of force and handling subjects showing signs of mental illness.

## COUNT I – STATE LAW CLAIM
## ASSAULT

17. Plaintiff re-alleges and incorporates paragraphs 1-16 as if fully stated herein.

18. The Defendant Deputies intended to cause bodily harm or offensive contact to Plaintiff by moving their bodies and equipment as if to strike Plaintiff.

19. Plaintiff apprehended bodily harm or offensive contact from the Defendant Deputies' bodily movements and equipment, as Plaintiff saw the Defendant Deputies striking Plaintiff.

20. As a direct and proximate result of the acts of the Defendant Deputies, Plaintiff suffered injuries, including, but not limited to:

   a. He has suffered a massive traumatic head and brain injury;

   b. He has suffered partial blindness;

   c. He has suffered partial paralysis;

   d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

   e. He has lost wages and will lose wages in the future as a result of his conditions; and

   f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

21. The acts, conduct, omissions, and failures to act by the Defendant Deputies showed reckless and/or callous disregard to Plaintiff.  Defendant Deputies' conduct warrants an award of punitive damages to punish them and to deter them and others from acting in a like manner in the future.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendants Gavin Hopler, Allen Rice, and Dennis Roberts, jointly and

severally, for compensatory damages in excess of $75,000.00, for punitive damages, and for other relief as is appropriate under the law.

## COUNT II – STATE LAW CLAIM
## BATTERY

22.     Plaintiff re-alleges and incorporates paragraphs 1-21 as if fully stated herein.

23.     The acts of the Defendant Deputies as described herein were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm.

24.     As a direct and proximate result of the acts of the Defendant Deputies, Plaintiff suffered injuries, including, but not limited to:

    a. He has suffered a massive traumatic head and brain injury;

    b. He has suffered partial blindness;

    c. He has suffered partial paralysis;

    d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

    e. He has lost wages and will lose wages in the future as a result of his conditions; and

    f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

25.     The acts, conduct, omissions, and failures to act by the Defendant Deputies showed reckless and/or callous disregard to Plaintiff.  Defendant Deputies' conduct warrants an award of punitive damages to punish them and to deter them and others from acting in a like manner in the future.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendants Gavin Hopler, Allen Rice, and Dennis Roberts, jointly and severally, for compensatory damages in excess of $75,000.00, for punitive damages, and for other relief as is appropriate under the law.

### COUNT III – STATE LAW CLAIM
### NEGLIGENCE

26. Plaintiff re-alleges and incorporates paragraphs 1-25 as if fully stated herein.

27. At and before the incident described herein, Defendant Deputies were negligent in many ways, including, but not limited to:

   a. Failing to follow policing standards concerning treatment of individuals showing signs of mental illness;

   b. Failing to use non-force methods when interacting with Plaintiff; and

   c. Failing to keep their weapons secure.

28. The Defendant Deputies' negligent acts were performed in bad faith and with malice.

29. As a direct and proximate result of the Defendant Deputies' deprivation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including, but not limited to:

   a. He has suffered a massive traumatic head and brain injury;

   b. He has suffered partial blindness;

   c. He has suffered partial paralysis;

   d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

6

    e. He has lost wages and will lose wages in the future as a result of his conditions; and

    f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendants Gavin Hopler, Allen Rice, and Dennis Roberts, joint and severally, for compensatory damages in excess of $75,000.00, for punitive damages, and for other relief as is appropriate under the law.

## COUNT IV – 42 U.S.C. § 1983

30. Plaintiff re-alleges and incorporates paragraphs 1-29 as if fully stated herein.

31. The acts of the Defendant Deputies were a deliberate and malicious deprivation of Plaintiff's constitutional rights against excessive force, or a callous disregard of and deliberate indifference to such rights, as guaranteed by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

32. As a direct and proximate result of the unreasonable and unjustifiable excessive force used by the Defendant Deputies, Plaintiff suffered injuries, including, but not limited to, the following:

    a. He has suffered a massive traumatic head and brain injury;

    b. He has suffered partial blindness;

    c. He has suffered partial paralysis;

    d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

    e. He has lost wages and will lose wages in the future as a result of his conditions; and

    f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendants Gavin Hopler, Allen Rice, and Dennis Roberts, jointly and severally, for compensatory damages in excess of $75,000.00, for punitive damages and for attorneys' fees and costs, and for other relief as is appropriate under the law.

## COUNT V – 42 U.S.C. § 1983

33. Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully stated herein.

34. At the time that the Defendant Deputies caused damages to Plaintiff, as well as for a period of time prior thereto, Defendant Jefferson County, by and through its agents, servants and employees, was deliberately indifferent to Plaintiff's constitutional rights in many ways, including but not limited to:

    a. Failing to institute and enforce adequate and constitutional policies, customs and practices regarding use of force, including use of deadly force;

    b. Failing to train and supervise deputies in the use of force, including use of deadly force;

    c. Failing to train and supervise deputies in handling subjects showing signs of mental illness; and

    d. Failing to discipline deputies for use of excessive force.

35. The actions of Defendant Jefferson County as set forth herein constitute a callous disregard of and deliberate indifference to Plaintiff's constitutional rights, including his right under the Fourteenth Amendment to be free from excessive use of force by the Defendant Deputies.

36. As a direct and proximate result of Defendant Jefferson County's deprivation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including, but not limited to:

   a. He has suffered a massive traumatic head and brain injury;

   b. He has suffered partial blindness;

   c. He has suffered partial paralysis;

   d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

   e. He has lost wages and will lose wages in the future as a result of his conditions; and

   f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendant Jefferson County, for compensatory damages in excess of $75,000.00, for punitive damages and for attorneys' fees and costs, and for other relief as is appropriate under the law.

## COUNT VI – 42 U.S.C. § 1983

37. Plaintiff re-alleges and incorporates paragraphs 1-36 as if fully stated herein.

38. At the time of and for some time prior to the incident referred to in this Complaint, Defendant Boyer was deliberately indifferent to Plaintiff's constitutional rights in one or more of the following respects:

   a. Failing to institute and enforce adequate and constitutional policies, customs and practices regarding use of force, including use of deadly force;

   b. Failing to train and supervise deputies in the use of force, including use of deadly force;

   c. Failing to train and supervise deputies in handling subjects showing signs of mental illness; and

   d. Failing to discipline deputies for use of excessive force.

39. The actions of Defendant Boyer as set forth herein constitute a callous disregard of and deliberate indifference to Plaintiff's constitutional rights, including his right under the Fourteenth Amendment to be free from excessive use of force by the Defendant Deputies.

40. As a direct and proximate result of Defendant Boyer's negligence, Plaintiff suffered injuries, including, but not limited to:

   a. He has suffered a massive traumatic head and brain injury;

   b. He has suffered partial blindness;

   c. He has suffered partial paralysis;

   d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

   e. He has lost wages and will lose wages in the future as a result of his conditions; and

  f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendant Boyer, for compensatory damages in excess of $75,000.00, for punitive damages and for attorneys' fees and costs, and for other relief as is appropriate under the law.

## COUNT VII – STATE LAW CLAIM
## NEGLIGENCE

41. Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully stated herein.

42. At the time of and for some time prior to the incident referred to in this Complaint, Defendant Boyer was negligent in one or more of the following respects:

  a. Failing to institute and enforce adequate and constitutional policies, customs and practices regarding use of force, including use of deadly force;

  b. Failing to train and supervise deputies in the use of force, including use of deadly force;

  c. Failing to train and supervise deputies in handling subjects showing signs of mental illness; and

  d. Failing to discipline deputies for use of excessive force.

43. Defendant Boyer's negligent acts were performed in bad faith and with malice.

44. As a direct and proximate result of Defendant Boyer's negligence, Plaintiff suffered injuries, including but not limited to the following:

  a. He has suffered a massive traumatic head and brain injury;

  b. He has suffered partial blindness;

   c. He has suffered partial paralysis;

   d. He has incurred medical bills and will incur medical bills in the future for treatment of his conditions;

   e. He has lost wages and will lose wages in the future as a result of his conditions; and

   f. He has been deprived of a normal life and will be deprived of the enjoyment of life in the future as a result of his conditions.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator Mark Hinkebein, respectfully requests that this Court enter judgment in favor of Lucas Hinkebein and against Defendant Boyer, for compensatory damages in excess of $75,000.00, for punitive damages, and for other relief as is appropriate under the law.

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By:   /s/ Jason K. Turk
      Robert D. Blitz, #24387MO
      Jason K. Turk, #58606MO
      120 S. Central Ave., Ste. 1500
      St. Louis, MO  63105
      (314) 863-1500
      (314) 863-1877 (facsimile)
      rblitz@bbdlc.com
      jturk@bbdlc.com
      *Attorneys for Plaintiff*