## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LUCAS HINKEBEIN, by and through His guardian and conservator, MARK HINKEBEIN, ) ) ) ) | |
| Plaintiff, ) ) | No. 4:16-cv-1655 |
| vs. ) ) | JURY TRIAL DEMANDED |
| GAVIN HOPLER, et al. ) ) ) | |
| Defendants. ) | |

### STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants seek to prevent the unauthorized disclosure of confidential, sensitive, or proprietary information or documents produced during the course of pre-trial discovery in the above-captioned action.

Now, therefore, it is hereby stipulated and agreed as follows:

1.  Any party to this litigation may designate any document which it reasonably believes to be confidential and which it produces during the course of pre-trial discovery in the above-captioned action as "CONFIDENTIAL" or a similar confidential designation subject to the provisions of this Stipulated Protective Order. It shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as CONFIDENTIAL material in order for the documents to be afforded the protections set forth in this Stipulated Protective Order. The parties shall act in good faith in determining whether to mark a document CONFIDENTIAL.

Case: 4:16-cv-01655-SNLJ   Document: 12   Filed: 05/01/2017   Page 2 of 9

2. All CONFIDENTIAL material shall be used by the parties hereto, only for the prosecution or defense of claims made in connection with the above-captioned action. CONFIDENTIAL material, or any portion or recitation thereof, shall not be given or communicated to anyone, except the following persons:

   a. The parties' counsel, and counsel's staff, including but not limited to paralegal and necessary clerical staff;

   b. Experts with whom the parties or their counsel consult, whether solely for purposes of consultation or for purposes of testifying at trial; however, nothing stated herein shall override or take precedence over the normal rules of discovery with respect to experts and no document provided to an expert that would normally be discoverable shall be withheld from an opposing party solely on the basis that it constitutes CONFIDENTIAL material;

   c. Any person believed to be a potential witness with knowledge pertaining to the CONFIDENTIAL materials;

   d. The Court[1];

   e. Court reporters and/or videographers, and/or third-party document or other professional services, to the extent necessary during a deposition;

   f. Any other person entitled thereto as a matter of legal right or by reason of compulsion of legal process issued by any court of competent jurisdiction;

---

[1] Prior to trial, should any party wish to share CONFIDENTIAL material with the Court, the parties agree to do so by seeking leave to file CONFIDENTIAL material under seal.

Case: 4:16-cv-01655-SNLJ   Document: 12   Filed: 05/01/2017   Page 3 of 9

  g. Other persons as designated by the Court or as agreed in writing by the parties hereto.

3. Any persons entitled to receive CONFIDENTIAL material by virtue of Paragraph 2 shall first be advised of the existence and content of this Stipulated Protective Order and shall agree to be bound by the provisions thereof.

4. Each person referred to in subparagraphs 2(b), 2(c), 2(e), 2(f) and 2(g) who has been shown or given access to CONFIDENTIAL material, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provisions. Signed undertakings shall be retained by counsel for the party who provides such material or information to such person and shall, upon request for good cause, or for any other reason upon order of the Court, be provided to counsel for the opposing party.

5. Except as provided herein, this Stipulated Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the parties hereto, having received CONFIDENTIAL material shall distribute or communicate that CONFIDENTIAL material to anyone after the conclusion of the litigation. Nothing in this Stipulated Protective Order shall prohibit any party or parties who first produce CONFIDENTIAL material from using or distributing that CONFIDENTIAL material in other business matters unrelated to this litigation.

6. **Challenges.**

  a. <u>Timing</u>. No party shall be obligated to challenge the propriety or status of any document as CONFIDENTIAL material and a failure to make

3

such a challenge shall not preclude a subsequent challenge to that status by any party.

b. <u>Meet and Confer</u>. Whenever a Party objects to the designation of any material as Confidential, it shall advise the producing Party in writing and identify the Bates range(s) of documents whose confidentiality designation is challenged (documents that are not Bates labeled shall be described with sufficient specificity to facilitate their identification). The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

c. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the either Party may file and serve a motion to remove or retain confidentiality. The burden of persuasion in any such motion shall be on the designating Party. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

4

7. Nothing contained in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client in this matter and, in the course thereof, from generally referring to or relying upon his or her examination of CONFIDENTIAL material.

8. Neither the provisions of this Stipulated Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client, work product or joint defense/common interest privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege, joint defense/common interest privilege, or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

9. Any party may seek a modification or termination of this Stipulated Protective Order by first attempting to obtain the consent of the other party to the proposed modification and, absent concurrence, upon application to the Court.

10. This Stipulated Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any

5

information or documents to which that person would not, in the absence of the entry of this Stipulated Protective Order, be otherwise entitled under law.

11. Use of CONFIDENTIAL material at trial shall be governed as follows: (a) the parties may stipulate to the use of materials marked CONFIDENTIAL; or (b) in the absence of a stipulation, the parties will raise the use of CONFIDENTIAL material in their pre-trial motions and the Court will rule on any disputes.

12. Within thirty (30) days of the conclusion of this action, including any appeals, all parties must destroy all CONFIDENTIAL material in their possession or in the possession of their agents, including any copies thereof, that was received from the other party or any third party. Counsel for the parties, instead of destroying CONFIDENTIAL material, may segregate all CONFIDENTIAL material to a secure, confidential file, with the understanding that the terms of this Protective Order shall remain in place as to all such CONFIDENTIAL material. Alternatively, counsel may destroy all CONFIDENTIAL material received from the other party or any third party. A party or its counsel need not segregate or destroy CONFIDENTIAL material the party produced.

13. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order and the use of the Stipulated Protective Order.

14. The recipients shall act to minimize the number of persons to whom such CONFIDENTIAL material is disclosed. The parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes that may arise as to the terms and effect of this Stipulated Protective Order so that recourse of the Court may be kept at a minimum.

15. This Order shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the producer.

DATED this 2nd day of May, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO**
**FORM AND CONTENT:**

**KING, KREHBIEL & HELLMICH, LLC**

/s/ William A. Hellmich
William A. Hellmich, #31182
2000 South Hanley Road
St. Louis, MO 63144
Phone: (314) 646-1110
Facsimile: (314) 646-1122
bhellmich@kkhhb.com

Attorneys for Defendants

**BLITZ, BARDGETT & DEUTSCH, L.C.**

/s/ Jason K. Turk
Robert D. Blitz, #24387
Jason K. Turk, #58606
120 S. Central Ave., Ste. 1500
St. Louis, MO 63105
Phone: (314) 863-1500
Facsimile: (314) 863-1877
rblitz@bbdlc.com
jturk@bbdlc.com

Attorneys for Plaintiff

7

## EXHIBIT A

### UNDERTAKING

The undersigned has read the annexed Protective Order, understands its contents, and hereby undertakes to make no disclosures of any CONFIDENTIAL material, as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such CONFIDENTIAL material by the Protective Order. In addition, the undersigned agrees not to use such CONFIDENTIAL material for any purpose whatsoever other than in connection with this action. The undersigned agrees to return all CONFIDENTIAL material supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the CONFIDENTIAL material, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

DATE: _____   NAME: _____
                                              (print or type)


                                SIGNATURE: _____


29524282.1

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of April, 2017, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the electronic filing system:

_____/s/ William A. Hellmich_____