IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LUCAS HINKEBEIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-01655-SNLJ |
| | ) |
| GAVIN HOPLER, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Plaintiff Lucas Hinkebein, by and through his guardian and conservator, Mark Hinkebein, for his Motion for Sanctions for Spoliation of Evidence, states as follows:

1. Defendants destroyed nearly all physical evidence of the shooting at issue in this litigation. The destruction took place weeks after Plaintiff's counsel notified Defendants in writing that litigation would ensue. The destruction was less than a month after the shooting. The destroyed evidence was never subject to any forensic examination. The destroyed evidence contradicts Defendants' justification for the use of deadly force. Plaintiff is entitled to a dispositive sanction in his favor in light of the severity of the destruction and the prejudice to Plaintiff.

2. Plaintiff Lucas Hinkebein was shot twice in the back of the head at point-blank range by a Jefferson County Sheriff's Deputy on November 9, 2015. He was unarmed and being held from behind by another deputy against a washing machine in his family's laundry room.

3. On November 19, 2015, undersigned counsel sent a claim letter to the Jefferson County Sheriff's Office. The Sheriff's Office attorney acknowledged receiving the letter on November 23, 2015, and the Sheriff's Office's insurer acknowledged the claim in writing on December 1, 2015.

4. Despite knowing that Lucas and his family intended to pursue litigation, the Sheriff's Office destroyed nearly all physical evidence of the shooting on December 8, 2015. The destruction occurred less than a month after a deputy used deadly force against an unarmed man. Defendants have also revealed that the weapons used in the shooting were sealed in evidence envelopes after the shooting, but that between that day and November 16, 2017, those envelopes were torn open and left open. Defendants do not know who opened the envelopes or when they were opened.

5. A party's obligation to preserve evidence begins "when a party *knows or should have known* that the evidence is relevant to future or current litigation." *Process Controls Intern., Inc. v. Emerson Process Mgmt.*, 2011 WL 5006220 (E.D.Mo. Oct. 20, 2011). The duty extends to the period before litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001).

6. "Once a party reasonably anticipates litigation, it must suspend its usual document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Defendants did not issue a litigation hold after being notified of Plaintiff's claim.

7. Plaintiff has been severely prejudiced by the spoliation. Defendants' primary defense is that the use of deadly force was justified by Plaintiff's alleged actions prior to the shots to Plaintiff's head. Defendants did not conduct any ballistics or forensic testing on any of the evidence. Such testing would have shown whether the deputies' stories are consistent with the physical evidence.

8. Plaintiff seeks a dispositive sanction. A dispositive sanction is appropriate in extraordinary circumstances where the destruction denies the plaintiff the ability to adequately prosecute his case. *Peschel v. City of Missoula*, 664 F.Supp.2d 1137, 1142 (D.Mt. 2009). Plaintiff is unable to prosecute his case because of the willful destruction. Defendants' stories contradict the physical evidence, but that evidence cannot be examined or tested to determine the facts of what transpired in the Hinkebeins' laundry room before Lucas was shot twice in the back of the head.

9. Plaintiff submits herewith a Memorandum in Support of his Motion and accompanying exhibits. The Memorandum and exhibits are incorporated as if fully stated herein.

10. COMPLIANCE WITH LOCAL RULE 37-3.04(A): Plaintiff's attorneys Robert D. Blitz and Jason K. Turk met and conferred in person with Defendants' attorneys William A. Hellmich and Blake D. Hill about the spoliation issues stated herein on November 13, 2017, at 11:00 a.m. The conference was made in good faith, but the parties were unable to reach an accord.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator, Mark Hinkebein, respectfully requests that this Court grant his Motion for Sanctions for Spoliation of Evidence, enter a dispositive sanction against Defendants, or, in the alternative, sanction Defendants in the manner it deems appropriate, and grant any further relief the Court deems necessary and appropriate.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By:     Jason K. Turk
        Robert D. Blitz, #24387MO
        Kelley F. Farrell, #43027MO
        Jason K. Turk, #58606MO
        Amy E. Oslica, #66879MO
        120 S. Central Avenue, Ste. 1500
        St. Louis, MO 63105
        Telephone: 314.863.1500
        Facsimile: 314-863-1877
        rblitz@bbdlc.com
        kfarrell@bbdlc.com
        jturk@bbdlc.com
        aoslica@bbdlc.com

*Attorneys for Plaintiff Lucas Hinkebein*

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document was sent to all counsel of record via the Court's electronic notification system on this 8th day of December, 2017.

                      Jason K. Turk