# BLITZ
BARDGETT & DEUTSCH, LC

**Attorneys & Counselors at Law**

Jason K. Turk
120 South Central Avenue, Suite 1500
St. Louis, Missouri 63105
www.bbdlc.com

Email: jturk@bbdlc.com
Telephone: (314) 863-1500
Facsimile: (314) 863-1877

October 25, 2017

**Via Email**

Mr. William A. Hellmich
2000 South Hanley Road
St. Louis, MO 63144
BHellmich@kingkrehbiel.com

      Re:    *Hinkebein v. Hopler, et al.*, 4:16-cv-01655-SNLJ

Dear Bill,

After the deposition of Sergeant Kausler, it became apparent that various items of evidence have been destroyed as part of the investigation into the Deputies' use of force on Lucas Hinkebein. Information and documents concerning the destruction should have been produced in response to the below requests, which I will address. Because Defendants' prior production is deficient, Plaintiff requests information and documents concerning the preservation and destruction of all evidence not previously produced.

    I.    Interrogatory #2 Directed to Jefferson County and Sheriff Boyer

Interrogatory ("INT") #2 directed to Jefferson County and Sheriff Boyer directed Jefferson County and Sheriff Boyer to "Identify each person involved in the investigation of the incident described in the Complaint, the actions taken by each such person related to the investigation and each such person's contact information." The Defendants answered that "All such persons are identified in the documents produced by Defendants." The answer did not identify what actions any such person took in the investigation.

The proper preservation of evidence is essential to any investigation. Therefore, individuals that destroyed evidence should have been identified as individuals that took actions in the investigation in response to INT #2 or identified in the documents produced. As more fully set forth below, no individual that destroyed evidence is identified in any documents produced by Defendants.

    II.    Requests for Production #6 and #9

Request for Production ("RFD") #6 directed to Jefferson County and Sheriff Boyer requested the production of "All documents and communications concerning investigation of officer-involved shootings by any employee of the Jefferson County Sheriff's Office from

# Exhibit 14

Mr. William A. Hellmich
October 25, 2017
Page 2

November 9, 2005 through present." RFD #9 requested "All documents related to the incident described in the Complaint, including but not limited to, all reports, witness statements, internal and external investigations, audio files, interview, photos, and memoranda."

Again, the preservation of evidence is essential to any investigation. The destruction should have been documented and the documents evidencing that destruction should have been provided to Plaintiff in response to RFDs #6 and #9. However, while numerous evidence receipts have been provided to Plaintiff, not one indicates that evidence has been destroyed.

Rather, all discovery produced thus far indicates that nearly all evidence was photographed by Detective Schuenemann and then placed in various evidence lockers. Since the placement in the evidence lockers, no document produced shows that the evidence has been accessed, analyzed, or destroyed by anyone. Sergeant Kausler testified, however, that he has seen evidence receipts showing the destruction of evidence. These have not been produced. The evidence receipts produced show that the evidence was preserved in the evidence locker following Detective Schuenemann's placement:

- Lucas' white socks (Evidence #121-1) on JCSD000169
- Lucas' red shirt (121-2) on JCSD000169
- Lucas' green underwear (121-3) on JCSD000169
- Lucas' Grey sweatpants (121-4) on JCSD000169
- Lucas' Grey shirt/red stitching (121-5) on JSCD000169
- Shot glass taken from Lucas' pocket (121-7) on JCSD000171
- One black colored departmental issued Glock Model 22, .40 caliber, semi-automatic pistol serial number, PNA806, chambered with one live Remington ammunition cartridge and one ammunition magazine containing 10 live Remington ammunition cartridges and four live Winchester ammunition cartridges (179-1) on JCSD000173
- One pair of handcuffs (357-1) on JCSD000174
- One black colored departmental issued Glock Model 22, .40 caliber, semi-automatic pistol serial number, PNA850, chambered with one live Winchester ammunition cartridge and one ammunition magazine containing 12 live Winchester cartridges (88-1) on JCSD000175
- One envelope containing expelled copper projectile jacket fragment (310-2) on JCSD000177
- One envelope containing silver colored .40 caliber spent Winchester cartridge casing (310-3) on JCSD000177
- One envelope containing silver colored .40 caliber spent Winchester cartridge casing (310-4) on JCSD000177

Mr. William A. Hellmich
October 25, 2017
Page 3

- One envelope containing silver colored .40 caliber spent Winchester cartridge casing (310-5) on JCSD000177
- One envelope containing expelled lead projectile fragment (310-6) on JCSD000177
- One envelope containing expelled copper projectile jacket fragment (310-7) on JCSD000177
- One envelope containing Deputy A. Rice's G22 bloody magazine containing 5 live Remington .40 caliber ammunition rounds and 10 live Winchester ammunition rounds (310-8) on JCSD000179
- One envelope containing silver colored .40 caliber spent Winchester cartridge casing (310-12) on JCSD000177
- One envelope containing expelled lead projectile fragment (310-13) on JCSD000177
- One envelope containing expelled lead projectile fragment (310-14) on JCSD000177
- One envelope containing expelled lead projectile fragment (310-15) on JCSD000177
- One envelope containing expelled mushroomed projectile (copper jacketed lead core) (310-16) on JCSD000177
- One envelope containing expelled copper projectile jacket fragment (310-17) on JCSD000178
- One envelope containing expelled projectile (copper jacketed lead core) (310-18) on JCSD000178
- One envelope containing expelled copper projectile jacket fragment (310-19) on JCSD000178
- One envelope containing expelled lead projectile fragment (310-20) on JCSD000178
- One envelope containing expelled lead projectile fragment (310-21) on JCSD000178
- One black and gray colored synthetic Gerber filet knife sheath (310-22) on JCSD000180
- One silver colored approximate 15 inch long serrated Oneida Performance Collection bread knife (310-23) on JCSD000181
- One black colored Safariland brand duty holster model 6360-832 SLS (559-1A) on JCSD000184
- Vest carrier and body armor; JCSO badge; Rice name plate (559-2) on JCSD000185
- Uniform pants, brown (559-3) on JCSD000186
- Uniform shirt, JCSO (559-4) on JCSD000187

Mr. William A. Hellmich
October 25, 2017
Page 4

- One paired cotton swabs of dark colored stain from Deputy Rice's right uniform shirt (Item 559-4D) sleeve on JCSD000188
- Boots (2) Danner (559-5) on JCSD000189
- Pepper Spray: Sabre (559-6) on JCSD000190
- Glock Magazine with (15) 40 caliber rounds (559-7) on JCSD000191
- Handcuff case (Roberts) (559-8) on JCSD000192
- Uniform pants, brown (559-9) on JCSD000193
- Digital memory card of pictures of officers following incident (559-10) on JCSD000027

Based on the deposition of the corporate designee, and contrary to discovery produced in this matter, it appears that the above evidence may have been destroyed. Please identify:

1. What evidence has been destroyed;
2. Who authorized and ordered the destruction of said evidence;
3. On what policy, procedure or practice was the destruction ordered;
4. On what date the evidence was ordered and authorized destroyed;
5. Who performed the destruction;
6. What date each piece of evidence was destroyed;
7. The method by which each piece of evidence was destroyed; and
8. All documents concerning the destruction of each piece of evidence.

Please provide the above information within seven (7) days of receipt of this letter. If the responses and documents are not provided, we will file a motion to compel and/or for sanctions. Please contact me with any questions.

Very truly yours,

Jason K. Turk