IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LUCAS HINKEBEIN, <br> by and through his Guardian <br> and conservator, MARK HINKEBEIN, <br><br> Plaintiff, <br><br> v. <br><br> GAVIN HOPLER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 4:16-CV-01655-SNLJ <br> ) <br> ) <br> ) <br> ) |

### **DEFENDANTS GAVIN HOPLER, ALLEN RICE, AND DENNIS ROBERTS'S SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

COME NOW Defendants Gavin Hopler, Allen Rice, and Dennis Roberts (collectively, the "Defendant Deputies"), by and through undersigned counsel, and for their Sur-reply Memorandum in Opposition to Plaintiff's Motion for Sanctions, state as follows:

**I.  ARGUMENT**

In his Reply, Plaintiff alleges for the first time that any spoliation by the Jefferson County Sheriff's Office ("Sheriff's Office") should be imputed to the Defendant Deputies. *See doc. 40* at 15, 25-28. Notably, Plaintiff does not argue that the Defendant Deputies played any role in the destruction of evidence. Rather, Plaintiff argues that spoliation may be imputed to the Defendant Deputies because "all Defendants were represented by the same attorney, all Defendants were covered by the same insurer, all Defendants had a duty to preserve evidence, the [Defendant Deputies] created or controlled much of the evidence that was destroyed, and the [Defendant Deputies] did not produce documents reflecting the destruction in a timely manner." *Id.* at 15. For the following reasons, the Court should reject each of Plaintiff's arguments for imputation of

1

sanctions to the Defendant Deputies, who had no control of the evidence and played no role in its destruction.

> *a. The cases relied upon by Plaintiff in support of imputing sanctions to the Defendant Deputies are inapplicable.*

In arguing that the Court may impute spoliation to the Defendant Deputies, Plaintiff relies solely on cases in which courts have imputed spoliation by a department of corrections to prison employees. However, the relationship between the employees and the department of corrections in those cases was fundamentally different from that between the Defendant Deputies and the Sheriff's Office. In the cases relied upon by Plaintiff, the courts emphasized the fact that their respective state governments indemnified prison employees for liability arising out of employment. *See, e.g.*, *Mizzoni v. Nevada*, 2017 U.S. Dist. LEXIS 158445, at *18 (D. Nev. Sept. 27, 2017) ("The State of Nevada, of which [the Nevada Department of Corrections] is a department, indemnifies employees for damages for which they become legally responsible within the course and scope of employment . . . ."); *Petit v. Smith*, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) ("[T]he State of Arizona, of which [the Arizona Department of Corrections] is an agency, indemnifies its employees for any damages for which the employee becomes legally responsible if the acts or omissions resulting in liability were within the employee's course and scope of employment.") (internal quotations and alterations omitted); *Davison v. Nicolou*, 2017 U.S. Dist. LEXIS 138887, at *7 n.4 ("The State of Georgia, of which the Department of Corrections is an agency, indemnifies corrections employees from civil suit . . . ."). As the departments of corrections indemnified the prison employees, any sanction against the employees was fully covered by the respective state governments.

Here, on the other hand, the Defendant Deputies are not fully indemnified by the Sheriff's Office for any sanctions against them. While the Defendant Deputies do share an insurance policy

2

with the Sheriff's Office, that policy only protects the Defendant Deputies up to the policy limit. Unlike the state governments in *Mizzoni*, *Petit*, and *Davison*, the Missouri government does not indemnify the Defendant Deputies for any liability in excess of the insurance policy limit, and the Defendant Deputies would be held personally liable for any such amount.  Thus, the Court should not impute any sanction for spoliation by the Sheriff's Office on the Defendant Deputies who were not responsible for any destruction of evidence.

Further, in both *Mizzoni* and *Petit*, the courts emphasized the fact that the respective departments of corrections were not parties to the case.  *See Petit*, 45 F. Supp. 3d at 1106; *Mizzoni*, 2017 U.S. Dist. LEXIS 158445, at *18.  As a result, the courts had no option to directly sanction the departments of corrections.  In such cases, the courts could only punish the destruction of evidence by the departments of corrections by imputing that spoliation on the individual defendants employed and indemnified by the state.  *See Petit*, 45 F. Supp. 3d at 1108 ("[The defendants] would have the [c]ourt conclude that [the plaintiff] **has no remedy** because they are not personally responsible for the destruction of evidence.") (emphasis added).

Here, however, the Sheriff's Office is a party to the case, and there is no need to impute any spoliation by the Sheriff's Office to the Defendant Deputies. *See Gurvey v. Fixzit Nat'l Install Servs.*, 2011 U.S. Dist. LEXIS 12835, at *14 (D.N.J. Feb. 8, 2011) ("[S]poliation inferences are only appropriately entered against the party that actually destroyed the evidence.").  Rather, if the Court finds that sanctions are appropriate, such sanctions can be directly applied against the Sheriff's Office.  Put simply, the explanations set forth for the imputation of spoliation in the prison cases relied upon by Plaintiff are inapplicable to the instant case, and the Court should not impute spoliation sanctions upon the Defendant Deputies who had no control over the evidence and played no role in its destruction.

3

*b. Plaintiff's other arguments for imputation are meritless.*

Plaintiff offers several other arguments for imputation, all of which are meritless. First, the fact that Defendants were all represented by the same attorney prior to the filing of the Motion for Sanctions is simply irrelevant as to the issue of whether the Defendant Deputies should be sanctioned for the spoliation. The Defendant Deputies found separate representation to be necessary for the very reason that they have a unique and valid defense to spoliation: that they had no control over the evidence and played no role in the destruction of evidence. Therefore, the Court should not hold the Defendant Deputies' separate representation against them. *Doc. 40* at 15.

Second, Plaintiff argues that sanctions should be imputed to the Defendant Deputies because (1) "all Defendants had a duty to preserve evidence" and (2) "the [Defendant Deputies] created or controlled much of the evidence that was destroyed." *Doc. 40* at 15. As discussed in depth in the Defendant Deputies' Response in Opposition to Plaintiff's Motion for Sanctions, there is no duty to preserve evidence unless a party has control over such evidence and has notice of imminent litigation. *See doc. 35* at 2-4, 10-11; *see also Ramirez-Cruz v. Chipotle Servs., LLC*, 2017 U.S. Dist. LEXIS 128149, at *6 (D. Minn. May 11, 2017). Here, the Defendant Deputies had no control over the evidence and received no notice of Plaintiff's claim prior to the filing of the lawsuit. *See doc. 35* at 2-4, 10-11. Therefore, the Defendant Deputies had no duty to preserve evidence, and Plaintiff's argument cannot support the imputation of spoliation sanctions on the Defendant Deputies.

Finally, Plaintiff argues that the Defendant Deputies "did not produce documents reflecting the destruction in a timely manner." *Doc. 40* at 15. Other than this one isolated statement, however, Plaintiff argues only that Defendants Jefferson County and Boyer, and ***not*** the Defendant

4

Deputies, failed to disclose documents in a timely manner. *See id.* at 8-10. Regardless, Plaintiff readily admits that his Motion for Sanctions "is not based on a failure to disclose" and provides no reason why any such failure would support imputation of sanctions to the Defendant Deputies. *Id.* at 8. Therefore, even if Defendants Jefferson County and Boyer failed to produce documents in a timely manner, this would not support a finding that sanctions should be imputed to the Deputy Defendants.

## II.    CONCLUSION

For the reasons discussed above and in their Response, Defendants Gavin Hopler, Allen Rice, and Dennis Roberts respectfully request that Plaintiff's Motion for Sanctions be denied, and for any further relief that this Court deems just and proper.

Respectfully submitted,

BEHR, MCCARTER & POTTER, P.C.

By: */s/ John P. Torbitzky*
    Timothy J. Reichardt, #57684MO
    John P. Torbitzky, #65233MO
    Timothy W. Rudolph, #68361MO
    7777 Bonhomme, Ste. 1400
    St. Louis, MO 63105
    Telephone: (314) 862-3800
    Facsimile: (314) 862-3953
    treichardt@bmplaw.com
    trudolph@bmplaw.com
    jtorbitzky@bmplaw.com
    *Attorneys for Defendants Gavin Hopler,*
    *Allen Rice, and Dennis Roberts*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the 16th day of January 2018, I filed a true and correct copy of the foregoing document with the United States District Court, Eastern District of Missouri, by using the CM/ECF system. Participants in this case, who are registered CM/ECF users, will be served by the CM/ECF system.

                                                          */s/ John P. Torbitzky*