# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LUCAS HINKEBEIN, )<br>)<br>Plaintiff, )<br>v. )  No. 4:16-CV-01655-SNLJ<br>)<br>GAVIN HOPLER, et al., )<br>)<br>Defendant(s). ) | |

## MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Plaintiff Lucas Hinkebein, by and through his guardian and conservator, Mark Hinkebein, for his Motion for Leave to Supplement his Motion for Sanctions for Spoliation of Evidence, states as follows:

1. On December 8, 2017, Plaintiff filed his Motion for Sanctions for Spoliation of Evidence ("Motion").

2. On December 27, 2017, Defendants filed their Memoranda in Opposition to the Motion. Defendants Jefferson County and Boyer argued that Plaintiff had not submitted expert testimony in support of the Motion.

3. On January 8, 2018, Plaintiff filed his Reply Memorandum in Support of his Motion.

4. Plaintiff's deadline for disclosing expert witnesses, opinions and reports is February 1, 2018. In compliance with the Case Management Order, Plaintiff has disclosed Professor Michael Lyman as an expert in the area of policing, among other subjects. A true and accurate copy of relevant portions of his report ("Report") is attached to Plaintiff's concurrent Motion to File Under Seal as Exhibit 18.[1]

---

[1] Facts and opinions related to, for instance, Defendants' liability are excluded and redacted.

5.	Prof. Lyman's qualifications to give an opinion are contained in the first three pages of his Report and in the CV attached to his Report.

6.	Prof. Lyman made several findings in his Report related to the deficiencies in the investigation and the failure to preserve evidence. Some are highlighted here.

7.	Prof. Lyman notes in his Report that standards for investigations into officer-involved shootings, and preservation of evidence, are published by the International Association of Chiefs of Police ("IACP"). The IACP states that:

> **The seriousness of officer-involved shootings cannot be overstated**. . . . An accurate and complete investigation of these deadly force incidents requires agency planning and the establishment of protocols that must be followed in such instances. It also depends largely upon the prudence of decisions made and steps taken immediately following shootings by the officers involved, supervisory personnel and criminal investigators. **Failure to take appropriate measures can lead to the loss of indispensable evidence**, inaccurate investigative findings, inappropriate assignment of responsibility or culpability for wrongdoing, and even the filing of criminal charges against involved officers.

*Report* at p.44 (citing IACP National Law Enforcement Policy Center: Investigation of Officer Involved Shootings: Concepts and Issues Paper, Published August 1999, p. 1) (emphases added).

8.	The IACP also notes the importance of physical evidence and the untrustworthiness of officers' statements in these situations:

> …claims by an officer that he/she believed the suspect was armed, was in the process of drawing a firearm, was holding a firearm or was otherwise posing a threat of death or serious bodily harm cannot always be taken at face value. **Careful collection and examination of physical evidence in conjunction with witness statements will generally prove sufficient to support or refute these claims and thereby focus the investigation.**

*Report* at p.41 (citing IACP National Law Enforcement Policy Center: Investigation of Officer Involved Shootings: Concepts and Issues Paper, Published August 1999, p. 9) (emphasis added).

2

9. Prof. Lyman states that the evidence destroyed and not preserved prevents full fact-finding in this case, including:

   a. The deputies and Jefferson County testified that three shots were fired, but four casings were found at the scene that could have been forensically tested to determine who shot his weapon. *Report* at pp.37, 42-43.

   b. Failure to preserve Defendant Rice's holster prevents examination and testing of it to determine whether a shot fired through it. *Report* at p.42.

   c. Failure to preserve Defendant Rice's holster prevents examination and testing of it to determine whether Plaintiff touched it. *Report* at pp.43-45.

10. Prof. Lyman found that Defendants Jefferson County and Boyer failed to establish policies to preserve evidence, and that, if they had done so, evidence would have been preserved to determine the truth about Plaintiff's shooting. *Report* at p.49.

11. Defendants will not be prejudiced by this supplement; Defendants sought this type of opinion testimony in their response.

WHEREFORE, Plaintiff Lucas Hinkebein, by and through his guardian and conservator, Mark Hinkebein, respectfully requests that this Court grant Motion for Leave to Supplement his Motion for Sanctions for Spoliation of Evidence, allow Plaintiff to supplement his Motion, and grant any further relief the Court deems necessary and appropriate.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By:    Jason K. Turk
       Robert D. Blitz, #24387MO
       Kelley F. Farrell, #43027MO
       Jason K. Turk, #58606MO
       Amy E. Oslica, #66879MO
       120 S. Central Avenue, Ste. 1500
       St. Louis, MO 63105
       Telephone:  314.863.1500
       Facsimile:  314-863-1877
       rblitz@bbdlc.com
       kfarrell@bbdlc.com
       jturk@bbdlc.com
       aoslica@bbdlc.com

*Attorneys for Plaintiff Lucas Hinkebein*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to all counsel of record via the Court's electronic notification system on this 2nd day of February, 2018.

Jason K. Turk

4